UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
MAY 23 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 05-10004 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION ON MOTION TO VACATE |
| FRANK C. ARCHAMBAULT, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty, pursuant to a petition to plead guilty, to abusive sexual contact and distribution of a controlled substance to a juvenile and was sentenced on July 25, 2006, to concurrent terms of 24 months and 57 months custody. He did not appeal his convictions and sentences. He has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant contends that (1) he was denied the right to appeal, (2) he was denied the effective assistance of counsel when his attorney refused to file an appeal, (3) information used to revoke his pre-trial bond was false, and (4) he was denied the effective assistance of counsel when his trial counsel refused to file a motion for a change of venue.

I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court.

Generally, I review ineffective assistance of counsel claims to determine whether petitioner can show both deficient performance by counsel and prejudice to the petitioner caused by that performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the United States Court of Appeals for the Eighth Circuit has instructed that

> an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *See Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir.1992). The appropriate remedy is to remand for

re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal. *See id.* at 1357; *Estes v. United States*, 883 F.2d 645, 649 (8th Cir.1989).

Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000). It is necessary at the outset to make a determination whether counsel failed to file a notice of appeal after being requested to do so.

Based upon the foregoing,

IT IS ORDERED that, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before June 29, 2007.

Dated this 23rd day of May, 2007.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J Paeple
    DEPUTY
(SEAL)

2